UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| **KENYON DEVON AMES,** | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) Case No. 1:26-cv-00762 |
| **ENTERPRISE RAC COMPANY OF MARYLAND, LLC** | ) ) ) ) |
| *Defendant.* | ) ) ) |

## DEFENDANT'S NOTICE OF REMOVAL

Under 28 U.S.C. §§ 1332, 1441 and 1446(a), Defendant Enterprise RAC Company of Maryland, LLC hereby removes this case from the Circuit Court for Montgomery County, Maryland to this federal court and respectfully states:

### I.     THE PARTIES AND PROCEDURAL BACKGROUND

1. Based on the facts pleaded in his Complaint, Plaintiff Kenyon Devon Ames ("Plaintiff") lives in Virginia, and has the purpose to make Virginia his home and domicile. *See* Compl., Ex. 1.  Plaintiff is therefore a citizen of Virginia.

2. Defendant Enterprise RAC Company of Maryland, LLC ("Defendant" or "Enterprise") is comprised of a sole member, Enterprise Holdings, Inc.  Enterprise Holdings, Inc. is incorporated in Missouri and its principal place of business is in Missouri. Defendant Enterprise is therefore a citizen of Missouri for purposes of diversity jurisdiction. *Teel v. Maryland Nat. Treatment Sols., LLC*, 2024 WL 1075421, at *1 n.1 (D. Md. Mar. 12, 2024) (finding diversity jurisdiction because the citizenship of a limited liability company is determined by the citizenship of all of its members).

1

3. On January 20, 2026, Plaintiff filed his state court Complaint against Defendant styled *Kenyon Devon Ames v. Enterprise RAC Company of Maryland, LLC*, Case No. C-15-CV-26-000333, in the Circuit Court for the County of Montgomery, Maryland. Plaintiff alleges claims under Maryland law. A true and correct copy of the Summons and Complaint is attached as **Exhibit 1**.

4. On or about January 29, 2026, Plaintiff served the Summons and Complaint upon Defendant's registered agent, The Corporation Trust Incorporated. Defendant has timely filed this Notice of Removal within 30 days of receiving the Summons and Complaint. 28 U.S.C. § 1446(b).

## II. GROUNDS FOR REMOVAL

5. This Court has original diversity jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

### *Diversity of Citizenship*

6. As noted above, Plaintiff is a citizen of Virginia and Defendant is a citizen of Missouri. Thus, there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332(c)(1).

### *Amount in Controversy*

7. For diversity jurisdiction, "[c]ourts generally determine the amount in controversy by reference to the plaintiff's complaint" provided that the plaintiff's claim is made in good faith. *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010).

8. Here, Plaintiff's Complaint seeks $800,000 in "punitive damages" alone. Ex. 1, Section VI ¶ C. In addition, Plaintiff seeks to recover $200,000 in "loss of future earning capacity" damages, and another S500,000 in "emotional distress" damages. Ex. 1, Section VI ¶¶ A, B.

Accordingly, the amount sought in this case far exceeds the minimum $75,000 amount in controversy.

**A.      Venue and Timeliness**

9.       Removal is proper to the district and division embracing the county where the state court case was pending. 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(a). Venue is proper in the District Court of Maryland, Greenbelt Division, because the state court case is pending in Montgomery County, within this District and Division.

10.      Defendant will promptly file a copy of this Notice of Removal in the state court case, and give Plaintiff written notice of removal as required by 28 U.S.C. § 1446(d).

### III.      PROCEDURAL REQUIREMENTS

11.      As noted above, a true and correct copy of the Complaint (with the attached summons) is attached as **Exhibit 1**.

12.      Attached as **Exhibit 2** are true and correct copies of the Summons, Scheduling Order, Mandatory Settlement Conference Order, and Notice of Scheduling Hearing issued by Montgomery County Circuit Court in the state court case.

13.      Attached as **Exhibit 3** is a true and correct copy of the docket sheet in the state court case as of February 23, 2026.

14.      Pursuant to 28 U.S.C § 1446(a), Exhibits 1 and 2, constitute all "process, pleadings, and orders served upon such defendant" to date.

### IV.      CONCLUSION

Enterprise removes this case from the Circuit Court for Montgomery County, Maryland to this Court, requests that this Court assume jurisdiction, and requests any additional relief that the Court determines is appropriate.

Date: February 24, 2026					Respectfully submitted,

<div style="margin-left: 3em;">

<u>/s/ Edward Lee Isler</u>
Edward Lee Isler, Bar No.  22332
Micah E. Ticatch, Bar No. 21208
John W. H. Harding, *Md. Fed. Bar Admission Pending*
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690 (main)
(703) 748 2695 (fax )
eisler@islerdare.com
mticatch@islerdare,com
jharding@islerdare.com

*Attorneys for Defendant*
*Enterprise RAC Company of Maryland, LLC*

</div>

## CERTIFICATE OF SERVICE

I certify that on this 24th day of February 2026, I caused a true and correct copy of the foregoing to be sent by electronic mail to Plaintiff at kinghallmark@aol.com, and by United States mail to Plaintiff as follows:

>Kenyon Devon Ames
>2465 J17 Centerville Rd.
>Herndon, VA 20170
>
>*Pro Se Plaintiff*

>*/s/ Edward Lee Isler*
>Edward Lee Isler, Bar No. 22332
>ISLER DARE, P.C.
>1945 Old Gallows Road, Suite 650
>Vienna, Virginia 22182
>(703) 748-2690 (main)
>(703) 748 2695 (fax)
>eisler@islerdare.com
>*Attorney for Defendant*
>*Enterprise RAC Company of Maryland, LLC*