# EXHIBIT 2

**CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND**
50 Maryland Avenue
Rockville, Maryland 20850

Main: 240-777-9400

**To:** ENTERPRISE RAC COMPANY OF MARYLAND LLC
2273 REASEARCH BLVD, FL 6
ROCKVILLE, MD 20850
**Serve On:** THE CORPORATION TRUST INCORPORATED
2405 YORK ROAD, SUITE 201
LUTHERVILLE- TIMONIUM, MD 21093

**Case Number:** **C-15-CV-26-000333**
**Other Reference Number(s):**

**KENYON DEVON AMES VS. ENTERPRISE RAC COMPANY OF MARYLAND LLC**

Issue Date: 1/20/2026
Expiration Date: 03/21/2026

## WRIT OF SUMMONS (NEW CASE)

You are hereby summoned to file a written response by pleading or motion, within 30 days after service of this summons upon you, in this Court, to the attached complaint filed by:

Ames, Kenyon Devon
2465 J17 Centreville Road
Herndon, VA 20171

Witness, the Honorable Chief Judge of the Sixth Judicial Circuit of Maryland.

TO THE PERSON SUMMONED:

1. Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
2. If you have been served with a Scheduling Order, your appearance is required pursuant to the Scheduling Order, regardless of the date your response is due.
3. If you have questions, you should see an attorney immediately. If you need help finding an attorney, you may contact the Bar Association of Montgomery County's Lawyer Referral Service online at www.barmont.org or by calling (301) 279-9100.

Karen A. Bushell
Karen A. Bushell
Clerk of the Circuit Court

NOTE:

1. This summons is effective only if served within 60 days after the date issued. If it is not served within the 60 days, the moving party must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reason(s).
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.

Kenyon Devon Ames vs. ENTERPRISE RAC COMPANY OF MARYLAND LLC Case Number: C-15-CV-26-0

4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).
5. Service of the Summons CANNOT be made by the moving party.

MOCC-FPV-001 (Rev. 06/2025) Page 2 of 4 01/20/2026 10:12 AM

Kenyon Devon Ames vs. ENTERPRISE RAC COMPANY OF MARYLAND LLC Case Number: C-15-CV-26-0
Case 1:26-cv-00762-JKB Document 1-2 Filed 02/24/26 Page 4 of 12

## RETURN

☐ Served ______________________ on ______________ at ______________________
Whom Date City/State/Country

☐ Summons and ☐ Show Cause Order and ☐ Complaint/Petition/Motion Served

☐ Unserved ______________ ______________________________
Date Reason

______________________________ ☐ Sheriff
Signature

MOCC-FPV-001 (Rev. 06/2025) Page 3 of 4 01/20/2026 10:12 AM



**CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND**
50 Maryland Avenue
Rockville, Maryland 20850
Main: 240-777-9400

**Case Number:** **C-15-CV-26-000333**
**Other Reference Number(s):**

**KENYON DEVON AMES VS. ENTERPRISE RAC COMPANY OF MARYLAND LLC**

Date: 1/20/2026

## SCHEDULING ORDER – TRACK 3
## COMPLAINT FILED ON 01/20/2026

THIS ORDER IS YOUR OFFICIAL NOTICE OF CASE DEADLINES AND HEARINGS REQUIRING APPEARANCES. FAILURE TO APPEAR AT HEARINGS OR COMPLY WITH ALL REQUIREMENTS MAY RESULT IN DISMISSAL, DEFAULT JUDGMENT, EXCLUSION OF WITNESSES AND/OR EXHIBITS, ASSESSMENTS OF COSTS AND EXPENSES, INCLUDING ATTORNEY FEES, OR OTHER SANCTIONS.

| EVENT: [ATTENDANCE REQUIRED AT EVENTS] | DEADLINE: |
|---|---|
| *DEADLINE: PLT EXPERTS IDENTIFIED* | April 20, 2026 |
| *DEADLINE: MOTION FOR ALTERNATIVE SERVICE FILED* | May 20, 2026 |
| *DEADLINE: DEF EXPERTS IDENTIFIED* | June 22, 2026 |
| *DEADLINE: ALL WRITTEN DISCOVERY SERVED BY* | August 18, 2026 |
| *DEADLINE: DISCOVERY COMPLETED* | October 02, 2026 |
| *DEADLINE: ADD'L PARTIES JOINDER* | October 13, 2026 |
| MEETING OF ALL COUNSEL, Time and place to be determined PLUS DEADLINES: | October 19, 2026 |
| *DEADLINE: DISPOSITIVE MOTIONS FILED* | October 19, 2026 |
| *DEADLINE: JOINT PRETRIAL STATEMENT FILED* | November 02, 2026 |
| *DEADLINE: RULE 2-504.3(B) NOTICE* | October 19, 2026 |
| *DEADLINE: ADR DEADLINE* | October 22, 2026 |
| PRETRIAL HEARING ATTENDANCE REQUIRED | November 05, 2026 at 1:30 PM |
| *DEADLINE: PLEADING AMENDMENT TO BE DETERMINED AT PRETRIAL.* | |
| *DEADLINE: VOIR DIRE, JURY INSTRUCTIONS AND VERDICT SHEET DUE 20 DAYS BEFORE TRIAL DATE* | |

**TRIAL COUNSEL SHALL APPEAR** AT THE PRETRIAL HEARING. MOTIONS FILED IN CIVIL TRACK 3 ACTIONS SHALL NOT EXCEED 15 PAGES INCLUDING ANY MEMORANDUM OF LAW AND OPPOSITION/REPLY MOTIONS SHALL NOT EXCEED 10 PAGES WITHOUT LEAVE OF THE COURT. IDENTIFICATION OF ADDITIONAL PARTIES AND AMENDMENT OF PLEADINGS GOVERNED BY RULES 2-211, 2-331, 2-332 and 2-341.
THE **TRIAL DATE** SHALL BE SET AT THE PRETRIAL HEARING BETWEEN THE DATES NOTED BELOW. COUNSEL ARE ENCOURAGED TO CLEAR DATES WITH ONE ANOTHER AND THE ASSIGNMENT OFFICE PRIOR TO THE CASE BEING CALLED.

**Trial Date Between:** **December 02, 2026** and **March 12, 2027**

**ANY MODIFICATIONS OF THIS SCHEDULING ORDER MUST BE REQUESTED BY WRITTEN MOTION FILED IN ADANCE OF THE DEADLINES OR HEARING DATES SOUGHT TO BE MODIFIED, PROVIDING GOOD CAUSE TO JUSTIFY ANY MODIFICATION THEREOF.**

Case 1:26-cv-00762-JKB Document 1-2 Filed 02/24/26 Page 7 of 12

Possession and use of cell phones, computers, other electronic devices, and cameras may be limited or prohibited in designated areas of the court facility. The use of any camera, cell phone, or any electronic device for taking, recording, or transmitting photographs, videos, or other visual images is prohibited in the court facility at all times, unless the court expressly grants permission in a specific instance.

1/20/2026
Date

Administrative Judge

* IF TRACK INFORMATION DOES NOT CORRESPOND TO ASSIGNED TRACK, COUNSEL SHALL NOTIFY THE COURT AT (240) 777-9035 OR (240) 777-9106. QUESTIONS? Please see the Court's GUIDE TO DCM ORDERS and https://montgomerycountymd.gov/cct/departments/dcm.html.

CC: Kenyon Devon Ames

Enterprise Rac Company Of Maryland Llc

Kenyon Devon Ames



**CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND**
50 Maryland Avenue
Rockville, Maryland 20850
Main: 240-777-9400

**Case Number:** **C-15-CV-26-000333**
**Other Reference Number(s):**

**KENYON DEVON AMES VS. ENTERPRISE RAC COMPANY OF MARYLAND LLC**

Date: 1/20/2026

## SCHEDULING NOTICE AND ORDER OF COURT - Civil Track 3
## COMPLAINT FILED ON 01/20/2026

It is by the Circuit Court for Montgomery County, Maryland, **ORDERED** as follows:

1.) Proof of Service. Within sixty-five (65) days of the filing of the Complaint, Plaintiff must file proof of service of the following on each of the Defendants: copies of the Summons, the Complaint, this Scheduling Notice and Order of Court, Order for Mandatory Settlement Conference/Pretrial Hearing, and the Scheduling Order.

a.) As to any Defendant for whom such proof of service has not been filed, the Court will consider dismissing the Complaint without prejudice pursuant to Rule 2-507.
b.) As to any Defendant not timely served, the Court may sever the case against that party.
c.) **A motion for alternative service as to any unserved Defendant may not be filed after the 121st day after filing of the complaint: DEADLINE: May 20, 2026**
d.) **Defendants who are not served by the 121st day after filing of the complaint are subject to dismissal under Rule 2-507.**
e.) As to any Defendant served with the Summons and Complaint, the Defendant must file the Defendant's Civil Information Form with the initial pleading and mail a copy to Plaintiff.
f.) **FAILURE TO SERVE A PARTY WILL NOT RESULT IN MODIFICATION OF THE DEADLINES OR REISSUANCE OF THE SCHEDULING ORDER.**

2.) Answer or Other Responsive Pleading. Within the time permitted under Maryland Rules, each Defendant must respond to the Complaint by filing an Answer or other responsive pleading. These pleadings must be filed in accordance with Rule 2-321. If no timely response has been filed, the Court, upon request, may enter an Order of Default pursuant to Rule 2-613.

3.) Initial Discovery. No later than ninety (90) days from the filing of the complaint, the parties shall complete sufficient initial discovery to enable them to make decisions regarding (a) settlement, (b) consideration of available and appropriate forms of alternative dispute resolution, (c) limitation of issues, (d) stipulations, (e) any issues relating to preserving discoverable information, (f) any issues relating to discovery of electronically stored information, including the form in which it is to be produced, (g) any issues relating to claims of privilege or of protection, and (h) other matters that may be considered at the hearing, including:

a) **Initial Disclosure of the Plaintiff's Experts to occur no later than deadline provided on the Scheduling Order:** The deadline for the disclosure of Plaintiff's experts is approximately ninety (90) days from the date of filing. Given the early stage of discovery, while disclosure of the area of expertise is expected, some flexibility will be applied as to the specific opinion of the expert. The obligation to supplement the information provided by this deadline continues and must be provided without delay as soon as it is known to the Plaintiff, but no later than one hundred twenty (120) days from the filing of the complaint, without leave of the Court. This includes any substance of the findings and opinions, grounds for each opinion on which the expert is expected to testify, as well as copies of all reports received from each expert witness. Under no circumstances may this information be withheld.

4.) Discovery of Electronic Information. Further, with regard to the discovery of electronic information, the Parties shall confer in person or by telephone and attempt to reach agreement, or narrow the areas of disagreement, as to the preservation of electronic information, if any, and the necessity and manner conducting discovery regarding electronic information, and the parties should address the following:

a) Identification and retention of discoverable electronic information and what, if any, initial discovery and any party requests in order to identify discoverable electronic information;
b) Exchange of discoverable information in electronic format where appropriate, including:
   i) The format of production, i.e., PDF, TIFF or JPEG file or native formats such as Microsoft Word, Word Perfect, etc., and the storage media on which the information shall be exchanged; and
   ii) Whether separate indices will be exchanged and whether the documents and information exchanged will be electronically numbered.
c) Whether the parties agree as to the apportionment of costs for production of electronic information that is not maintained on a party's active computers, computer servers or databases;
d) The manner of handling inadvertent production of privileged materials; and
e) Whether the parties agree to refer electronic discovery disputes to a Special Magistrate for resolution.

The parties shall reduce all areas of agreement, including any agreements regarding inadvertent disclosure of privileged materials, to a stipulated order to be presented to the court.

5.) Attorneys' Fees. If a party intends to assert a "substantial claim" for attorneys' fees, counsel shall provide a written statement to the Court, setting forth whether the claim is pursuant to law, statute or contract, identifying the legal theory, statute or contract provision, and whether the claim is triable by jury. The Court will determine whether to require enhanced documentation, quarterly statements, or other procedures permitted by Maryland Rules. If triable by jury, the Court will determine the necessity of a separate discovery schedule, to include, if appropriate, the designation of experts relating to this issue. (See Rules 2-703, 2-704, and 2-705.)

6.) Mediation. PLEASE BE ADVISED THAT THE COURT WILL ORDER MEDIATION IN THE ABOVE-CAPTIONED CASE. PLEASE DISCUSS ADR/MEDIATION WITH THE OPPOSING PARTY (OR COUNSEL, IF APPLICABLE). Parties choosing a mediator must pay the rate agreed upon by the parties and the mediator. Where the court designates a mediator, pursuant to Rule 17-208, the parties will pay the hourly rate established by the court. Counsel/parties may object to participating in mediation in accordance with Maryland Rule 17-202(f) within thirty (30) days after entry of the order, may file (A) an object to the referral, (B) an alternative proposal, or (C) a "Request to Substitute ADR Practitioner" substantially in the form set forth in Rule 17-202(g).

1/20/2026
Date

Administrative Judge

* IF TRACK INFORMATION DOES NOT CORRESPOND TO ASSIGNED TRACK, COUNSEL SHALL NOTIFY THE COURT AT (240) 777-9035 OR (240) 777-9106. QUESTIONS? Please see the Court's GUIDE TO DCM ORDERS and https://montgomerycountymd.gov/cct/departments/dcm.html.

CC: Kenyon Devon Ames

Enterprise Rac Company Of Maryland Llc

Kenyon Devon Ames vs. ENTERPRISE RAC COMPANY OF MARYLAND LLCCase Number: C-15-CV-26-0
Other Reference Number(s):

Kenyon Devon Ames

MOCC-V-003 (Rev. 04/2025) Page 3 of 3 1/20/2026 9:52 AM



**CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND**
50 Maryland Avenue
Rockville, Maryland 20850

Main: 240-777-9400

**Case Number:** **C-15-CV-26-000333**
**Other Reference Number(s):**

**KENYON DEVON AMES VS. ENTERPRISE RAC COMPANY OF MARYLAND LLC**

Date: 1/20/2026

## ORDER FOR MANDATORY PRETRIAL HEARING – Civil Track 3
## COMPLAINT FILED ON 01/20/2026

In accordance with Maryland Rules of Procedure, Rule 2-504, and in order to administer the trial of cases in a manner consistent with the ends of justice, in the shortest possible time and at the least possible cost to the Court and to litigants, it is this day, by the Circuit Court for Montgomery County, Maryland,

**ORDERED**, that the parties and trial counsel shall appear in court for a Pretrial Hearing. No further notice will be given of this date. Unrepresented parties and/or trial counsel shall meet at least two weeks prior to the hearing date to prepare a written joint pre-trial statement and endeavor to settle the case. If the parties cannot agree to the meeting place or date, it shall be two weeks before the hearing date at 9:00 a.m. in the lobby of the Court House. The joint pre-trial statement shall be signed by all parties and their attorneys and shall be filed with the court at least five days before the Pretrial Hearing and shall contain the following:

1. Nature of the Case: A brief, non-argumentative statement suitable for reading to a jury.
2. Claims and/or Defenses: Each party to set forth a concise statement of all claims and defenses which that party is submitting for trial.
3. Undisputed Issues and Facts: List all issues not in dispute and set forth stipulated facts.
4. Disputed Issues: List each disputed issue and the principal contentions of all parties respecting each.
5. Relief Sought: Specify nature and amount of each item of damage claimed or description of equitable relief sought by each party.
6. Citations: List any cases or statutes which need to be called to the Court's attention.
7. Pending Motions: List title, movant, and filing date of pending motions.
8. Witnesses: Name, address, and telephone number of each person who may be called to testify. As to experts, list matters about which each expert will testify. No party may call at trial any witness omitted from that party's pre-trial statement, except for impeachment or rebuttal purposes.
9. Exhibits: Attach a listing of the exhibits to be offered in evidence by each party at the trial, other than those expected to be used solely for impeachment, indicating which exhibits the parties agree may be offered in evidence without the usual authentication. Complete list of exhibits identifying by exhibit number each document that may be offered at trial. (Stickers to be attached to each exhibit are available in Clerk's office.) Any objections to another party's exhibits should be stated.
10. Deposition Testimony: Designation by page and line of deposition testimony to be offered as substantive evidence, not impeachment.
11. Pleadings and Discovery Responses: Designation by page and paragraph of any pleading or discovery response to be offered as substantive evidence, not impeachment.
12. Demonstrative or Physical Evidence: Describe any items of non-testimonial, non-documentary evidence - - models, samples, objects, etc. – to be utilized at trial.
13. Videotapes: Identify any videotapes to be shown to the jury and authority for doing so.
14. Requested Jury Selection Questions: Identify those agreed upon and include any objections made by either side.
15. Pattern Jury Instructions: Identify those agreed upon and those not agreed upon. Designate the source of the instruction.
16. Non-Pattern Jury Instructions: Supply complete text of each instruction, with authorities, on a separate page.

17. Verdict Sheet (if requested): Text of verdict sheet, including any special interrogatories, to be submitted to the jury.
18. Settlement: Minimum demand; Maximum offer.
19. Estimated Length of Trial: ____________ days.

and it is further

**ORDERED**, that counsel and unrepresented parties shall file the Joint Pretrial Statement no later than five days before the Pretrial Hearing; and it is further,

**ORDERED**, for cases that have not reached a settlement by the Pretrial Hearing date, that the parties and their counsel and representatives with the authority to settle shall participate in good faith in any Settlement Conference, that may be set at the Pretrial.

1/20/2026
Date

Administrative Judge

Possession and use of cell phones, computers, other electronic devices, and cameras may be limited or prohibited in designated areas of the court facility. The use of any camera, cell phone, or any electronic device for taking, recording, or transmitting photographs, videos, or other visual images is prohibited in the court facility at all times, unless the court expressly grants permission in a specific instance.

* IF TRACK INFORMATION DOES NOT CORRESPOND TO ASSIGNED TRACK, COUNSEL SHALL NOTIFY THE COURT AT (240) 777-9035 OR (240) 777-9106. QUESTIONS? Please see the Court's GUIDE TO DCM ORDERS and https://montgomerycountymd.gov/cct/departments/dcm.html.

CC: Kenyon Devon Ames
Enterprise Rac Company Of Maryland Llc
Kenyon Devon Ames